IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARISSA COULTER, on behalf of herself and all other similarly-situated consumers<br><br>Plaintiff,<br><br>vs.<br><br>TRANSWORLD SYSTEMS INC.<br><br>Defendant. | ) Case No.:<br>)<br>)<br>)<br>)<br>) **CLASS ACTION COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Carissa Coulter ("Plaintiff" or "Coulter"), by and through undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, brings this Complaint against Defendant, Transworld Systems Inc.("Defendant" or "Transworld"), and states as follows:

## INTRODUCTION

1.    Plaintiff, Carissa Coulter, brings this class action against Defendant, Transworld Systems Inc. ("Defendant"), for using false, deceptive, and misleading representations in connection with the collection of a debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURSIDICTION AND VENUE

2.    Coulter brings this action under the FDCPA, a federal statute, thereby invoking jurisdiction pursuant to 28 U.S.C. §1331.

3.    Venue is proper in this District under 28 U.S.C. 1391(b) because Defendant's improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district and/or because the Defendant is subject to personal jurisdiction in this district.

## PARTIES

4.      Plaintiff is a natural person who at all relevant times has resided in West Chester, Pennsylvania,  and is  a "consumer" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

5.      Defendant is a corporation doing business in Pennsylvania and operating from an address at 500 Virginia Drive, Suite 514, Fort Washington, Pennsylvania 19034.

6.      Defendant is a "debt collector" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7.      On a date better known to Defendant, Plaintiff Coulter incurred an electric bill from PECO for her personal residence.

8.      Allegedly, Plaintiff was unable to pay the bill and it was sent to Defendant to engage in collection efforts. To that end, Defendant mailed Plaintiff the letter attached as **Exhibit A**.

9.      The letter listed the balance of $2,244.06 as due and owing.

10.     Along the upper right portion of the letter, the letter states "Current Balance Due: $2,244.06."

11.     Along the end of the page the letter states "Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in the agreement with the original creditor or as otherwise provided by state law."

12.     Both of the above quotes are false, deceptive, and misleading.

13.     Plaintiff's PECO agreement does not allow for interest or other miscellaneous charges to accrue. Further, Defendant has no intention of demanding such charges.

2

14. Pennsylvania state law does not provide for interest on a debt due and owing.

15. Upon information and belief, Transworld is fully aware that PECO agreements do not accrue interest or "other charges."

16. Upon information and belief, Transworld is fully aware that Pennsylvania law does not provide for interest on debts due and owing, prior to receiving a judgment on those debts.

17. Despite this knowledge, Transworld misrepresents to the consumer that the balance "may" be periodically increased due to interest or "other charges," or state law.

18. Upon information and belief, the language used in Transworld's letters are specifically intended to feign urgency to the consumer such that if the consumer does not pay the balance immediately, interest or other charges will accrue by the time the consumer receives the next collection letter such that it will present a higher amount due and owing.

19. In fact, later letters sent by Transworld demonstrate that Transworld does not add interest or other charges, as that is not provided for in the agreement, or allowed under state law.

20. The least sophisticated consumer is naïve and gullible and, upon information and belief, remits payment as soon as practicable so as to not have the balance increase as the letter threatens.

21. In addition to the false and deceptive language regarding balance increases, upon information and belief, the words "*current* balance due" are specifically used by Defendant to further the perception that the amount being sought at present is subject to increase if payment is not made imminently.

22. By definition, the word "current" is a reference to time which by itself implies that the current balance due will not or may not be the same as the balance due at some time in the future.

23. Upon information and belief, taken as a whole, the least sophisticated consumer views the words describing the potential increase due to interest, state law, or other charges, and the fact that

the letter says "*current* balance due" and believes that by the time he or she receives the next collection attempt, the consumer will have to pay out more money to satisfy the debt in question.

24.     Notwithstanding the above, the fact that additional letters were sent by Transworld and in those letters the balance due amount was never increased, Transworld has engaged in legal threats which Transworld had no intention or right in taking.  **See Exhibit B**.

25.     Further, by Transworld's language/threats that the debt is subject to increase, the consumer is left unsure as to exactly what amount is owed, and at what point in time. Thus, the amount stated in Transworld's collection letters are overshadowed or contradicted by the deceptive language intentionally used by Transworld.

## CLASS ACTION ALLEGATIONS

### The Class

26.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff seeks certification of the class, initially defined as follows:

> **All consumers with a Pennsylvania address that have received collection letters from Transworld concerning debts stemming from PECO within one year prior to the filing of this complaint that contain the language "your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in the agreement with the original creditor or as otherwise provided by state law," or a similar variant of this deceptive language.**

27.     Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates, or partners of Defendant.

### Numerosity

28.     Upon information and belief, Defendant has sent dunning letters to thousands of consumers throughout the State of Pennsylvania, each of which contains language that violates the FDCPA.

The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29.     Under the FDCPA, Dunning letters sent from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

30.     The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the members of the Class is a matter capable of ministerial determination from Defendant's records.

### **Common Questions of Law and Fact**

31.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### **Typicality**

32.     Plaintiff's claims are typical of the claims of the members of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

## Protecting the Interests of the Class Members

33.    Plaintiff will fairly and adequately represent the Class members' interests in that Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the Class Action as sought herein.

## Proceeding Via Class Action is Superior and Advisable

34.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

35.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a Class Action.

36.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

37.    A Class Action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

38.    Absent a Class Action, the members of the Class will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

39.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

40.     Plaintiff repeats, re-alleges, and re-asserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

41.     Transworld has engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692g and 1692f, by falsely and deceptively representing that an existing obligation of the consumer may be increased by the addition of interest, other charges, or state laws.

42.     Section 1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of--**

**(A)  The character, amount, or legal status of any debt...**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...**

43.     Section 1692g provides:

**§ 1692g. Validation of debts**

**(a)  Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall,**

**unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1)  The amount of the debt.**

44.    Section 1692f provides:

**§ 1692f. Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

45.    Plaintiff has been damaged and is entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Carissa Coulter, respectfully requests that this Court do the following for his benefit:

a.    Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

b.    Enter an injunction against Defendant prohibiting it from including false and misleading statements regarding required reporting to federal and state revenue authorities in dunning letters to consumer debtors for debts discharged in an amount less than $600;

c.    Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d.    Enter a judgment against Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k;

e.    Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

f.     Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 18th day of October, 2018

Respectfully Submitted,


Nicholas Linker, Esq.  (ID#321521)
ZEMEL LAW, LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013
Phone:  (862) 227-3106
Fax:  (973) 282-8603
nl@zemellawllc.com
Attorney for Plaintiff

EXHIBIT A

PO Box 15  
Dept. 940  
Wilmington, DE 19850-5618  
940.1110.TSIM

Transworld Systems Inc.  
500 Virginia Dr. Suite 514  
Ft Washington, PA 19034  
888-899-6650

Calls to or from this company may be monitored or recorded for quality assurance.

CARISSA COULTER          115995 - 2388

Date: March 16, 2018  
Our Account #: ████ 8851  
Creditor: PECO  
Creditor's Account #: ████ 8005  
Current Balance Due: $2244.06

Notice: See Reverse Side for Important Information.

The above amount has been placed with this company for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Office Hours: Monday through Thursday 8:00am to 9:00pm, Friday 8:00am to 5:00pm, Saturday 8:00am to 12:00pm (ET).

You may also make payment by visiting us on-line at https://payments.tsico.com. Your unique registration code is 7427885116.

The account balance may be periodically increased due to the addition of accrued interest, as provided in the agreement with the original creditor, or as otherwise provided by applicable law.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Our Account # | Current Balance Due |
|---|---|
| 74278851 | $2244.06 |
| CARISSA COULTER | |

Payment Amount

$

Check here if your address has changed and print your new address in the space provided below.

Make Payment To:

Transworld Systems Inc.  
P.O. Box 15095  
Wilmington, DE 198505095

P1110  
2388

0940  00002742788651  1  00224406  1  0000  5

# EXHIBIT B

Wilmington, DE 19850-5618
940.1187.TSIM

[barcode]

Transworld Systems Inc.
500 Virginia Dr. Suite 514
Ft Washington, PA 19034
888-899-6650

Calls to or from this company may be monitored
or recorded.

CARISSA COULTER                    115995 - 411

[QR code]

Date: October 9, 2018
Our Account #: ▮▮▮▮8851
Creditor: PECO
Creditor's Account #: ▮▮▮▮3005
Current Balance Due: $2244.06

We at Transworld Systems Inc. are committed to working with you in order to help resolve the account(s)! There are several
we can offer you and we hope that one of them will meet your needs.

- Option 1 - Make 6 equal consecutive monthly payments of $374.01 and pay your account(s) in full;
- Option 2 - Make 3 equal consecutive monthly payments of $748.02 and pay your account(s) in full.
- Option 3 - Make 3 equal consecutive monthly payments of $374.01 to settle your account and save $1122.03.

Let us prove to you how committed we are to accommodating your needs. Please contact one of our representatives at the numb
above to confirm which option works best for you and we'll update your account(s) accordingly.
This offer expires on 11/08/2018, and we are not obligated to renew it.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a deb
collector.

Office Hours: Monday through Thursday 8:00am to 9:00pm, Friday 8:00am to 5:00pm, Saturday 8:00am to 12:00pm (ET).
You may also make payment by visiting us on-line at https://payments.tsico.com. Your unique registration code is 7427885116.

---

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

Our Account #
▮▮▮▮8851
CARISSA COULTER
Payment Amount

$

Check here if your address has changed and print
your new address in the space provided below.

Make Payment To:

Transworld Systems Inc.
P.O. Box 15095
Wilmington, DE 198505095

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CARISSA COULTER, on behalf of herself and all other similarly-situated consumers

**DEFENDANTS**

TRANSWORLD SYSTEMS INC.

**(b)** County of Residence of First Listed Plaintiff     Chester County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Montgomery County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
ZEMEL LAW, LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013   Phone: (862) 227-3106

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | | ☒ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq.
Brief description of cause:
Illegal debt collection practices

## VII. REQUESTED IN
COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐No

## VIII. RELATED CASE(S)
IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
10/18/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

CARISSA COULTER, on behalf of herself and
all other similarly-situated consumers
                      v.

TRANSWORLD SYSTEMS INC.

:
:
:
:
:

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 10/18/2018 | Nicholas Linker, Esq. | Plaintiff, Carissa Coulter |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (862) 227-3106 | (973) 282-8603 | nl@zemellawllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)         The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)         In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)         The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)         Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___1523 Rome Road, West Chester, Pennsylvania 19380-1578___

Address of Defendant: ___500 Virginia Drive, Suite 514, Fort Washington, Pennsylvania 19034___

Place of Accident, Incident or Transaction: ___1523 Rome Road, West Chester, Pennsylvania 19380-1578___

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/18/2018__    _____    ID#321521
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* ___15 U.S.C. Section 1692 et seq.___

**B.    Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Nicholas Linker___, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __10/18/2018__    _____    ID#321521
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)